UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MILTON ROY TAYLOR, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00127-CMS |
| | ) | |
| PAUL OESTERREICHER, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Milton Roy Taylor, Jr., brings this action under 42 U.S.C. § 1983 against Defendants Paul Oesterreicher, Kevin Barbour, and Mark Dobbs for alleged constitutional violations, including malicious prosecution, kidnapping, defamation, and false imprisonment. (Doc. 1). The Court granted Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 8). Because Plaintiff is now proceeding *in forma pauperis*, the Court will review his Complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss Plaintiff's frivolous claims. *See* 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a *pro se* litigant under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district

court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). But even *pro se* plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

A court may also dismiss a complaint under 28 U.S.C. § 1915(d) "when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). The Eighth Circuit has held that Section 1983 claims in Missouri are governed by "Missouri's five-year statute of limitations for personal injury actions . . . ." *Sulik v. Taney Cnty., Mo.*, 393 F.3d 765, 766–67 (8th Cir. 2005).

**The Complaint**

Plaintiff is currently being held pending trial on various unrelated counts.

Plaintiff argues that Defendant Oesterreicher, the Butler County Prosecuting Attorney, was part of an illegal scheme against Plaintiff "by placing or having placed (2) convictions on [his]

record prior to a jury trial . . . ." (Doc. 1 at 3). Plaintiff claims Defendant Oesterreicher caused Plaintiff to be terminated from his job in 2001. *Id.* at 4. Plaintiff also alleges Defendant Oesterreicher, in late 2002, had Plaintiff kidnapped to coerce Plaintiff to accept a plea deal. *Id.* Plaintiff alleges Defendant Oesterreicher "submitted to a jury . . . false convictions of Class A 1st Degree Rape and Felony Sexual Assault as prior convictions . . . ." *Id.* After Plaintiff was released from confinement in 2013, Defendant Oesterreicher "began causing Plaintif [sic] to be arrested for failure to register 'as a sex offender,' while acting under the color of law . . . ." *Id.* at 5. "In 2014, Plaintif [sic] was attacked and beaten by 3 men in the Mississippi County Jail while on a Federal hold . . . solely for being labeled as a rapist and child molester caused by the action of" Defendant Oesterreicher. *Id.* Finally, Plaintiff alleges, between 2015 and 2025, he was arrested multiple times and charged with failure to register as a sex offender by sworn probable cause affidavits issued by Defendant Oesterreicher. *Id.*

Plaintiff accuses Defendant Barbour, a previous Butler County Prosecuting Attorney, of the same acts as Defendant Oesterreicher except for the repeated conduct from 2015 to 2025. *Id.* at 8–10. Also, Plaintiff contends Defendant Barbour, in 2003, "file[d] a Recommendation for Federal Proscution [sic] containing completely false and purjured [sic] information with his college roommate then Assistant U.S. Attorney General Keith Sorrel [sic], stating that 5 firearm [sic] were <u>seized</u> from . . ." Plaintiff, causing him to "serve a 88 month sentence . . . ." *Id.* at 10 (emphasis in original).

Plaintiff also accuses Defendant Dobbs, the Butler County Sheriff, of forcing Plaintiff "to register as a sex offender or risk arrest" between 2013 and 2025. *Id.* at 12.

As to injuries, Plaintiff reports that he "suffered public and family humiliation, depression, PTSD, assaults, rapes, loss of employment, false imprisonment, cruel and unusual punishment,

defamation, . . . and loss [sic] wages." *Id.* at 12. For relief, Plaintiff seeks summary judgment, "a preliminary injunction releasing [him] from state custody pending the outcome of this action," "an injunction to stop and desist using these illegal convictions . . .," "$400,000 in loss [sic] wages and bail as actual damages and $10,000,000 a piece in punitive damages for pain and suffering . . . ." *Id.* at 13.

**Discussion**

After careful review and liberal construction of the filings before the Court, the Court will dismiss all claims against Defendant Barbour and most of the claims against Defendants Oesterreicher and Dobbs. *See* 28 U.S.C. § 1915(e)(2)(B).

**I. Defendant Barbour**

Each of Plaintiff's claims against Defendant Barbour allegedly occurred in 2003. *See* (Doc. 1 at 8–11). The statute of limitations to bring a Section 1983 claim in Missouri is five years. *Sulik*, 393 F.3d at 766–67. The statute of limitations long ago ran on all of Plaintiff's claims against Defendant Barbour. *See Myers*, 960 F.2d at 751. Defendant Barbour is dismissed from the case.

**II. Defendants Oesterreicher and Dobbs**

For the same reasons, all untimely claims against Defendants Oesterreicher and Dobbs that allegedly arose in or before 2021 fail to satisfy the statute of limitations and, accordingly, must be dismissed.

That said, Plaintiff's claims that "[b]etween 2015 – 2025, Plaintif [sic] was arrested multiple times . . . [for] failure to register as a sex offender by sworn probable cause affidavits issued by" Defendant Oesterreicher and was forced to register as a sex offender or risk arrest by Defendant Dobbs remain ambiguous as to *when* such actions arose. (*Id.* at 5–6). To the extent those claims arose in or before 2021 and are untimely, they must be dismissed. Regarding any timely

claims that arose in or after 2021, Plaintiff is ordered to file an amended complaint alleging with specificity the claims against Defendants Oesterreicher and Dobbs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's claims against Defendant Barbour are **DISMISSED** without prejudice. Defendant Barbour is dismissed from the case. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that any of Plaintiff's untimely claims against Defendants Oesterreicher or Dobbs that allegedly occurred in or before 2021 are **DISMISSED**.

**IT IS FINALLY ORDERED** that, regarding any of Plaintiff's timely claims against Defendants Oesterreicher or Dobbs that allegedly occurred in or after 2021, Plaintiff must file an amended complaint alleging factual allegations with specificity, including the dates on which the claims occurred, on the Court's form within **thirty (30) days** of the date of this Order. Plaintiff is advised that his amended complaint will take the place of his original filing and will be the only pleading that this Court will review.

**If Plaintiff fails to comply with this Order, the Court shall dismiss this action without prejudice and without further notice.**

Dated this 28th day of October 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE